UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00217-BLW |
| Plaintiff, | |
| v. | **MEMORANDUM DECISION AND ORDER** |
| JENNIFER LEE SAYER, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant Jennifer Sayer's pro se Motion for a Sentence Reduction under 18 U.S.C. §3582(c)(1)(A) (Compassionate Release). *See* Dkt. 36. She asks the Court to appoint counsel to assist her in seeking compassionate release. *See* Dkts. 35, 37. Finally, she asks the Court to grant her credit for time served. *See* Dkt. 36. After considering the briefing and record, the Court will deny the motions.

## BACKGROUND

In 2019, Sayer pled guilty to one count of distribution of methamphetamine and was sentenced to the mandatory minimum of 60 months in prison. Sayer was arrested following a controlled buy of one ounce of methamphetamine between the defendant and a confidential human source working with the Boise Police

Department. After the controlled buy, but prior to federal charges being brought against her, Sayer was in the custody of the Idaho Department of Corrections at the Ada County jail. The PSR held Sayer responsible for 24.71 grams of actual methamphetamine. *PSR* ¶ 11.

Sayer has a lengthy criminal record which includes convictions for theft, failure to purchase a license, providing false information to an officer, grand theft, possession of a controlled substance, petit theft, forgery, possession of burglary tools, and more. *Id.* ¶¶ 30-42.

Sayer seeks compassionate release because of exposure to drug use in prison, the lack of BOP programming due to COVID, her desire to enter sober living facilities under supervision, Dkt. 36, and her desire to seek medical treatment. Dkt. 35. Sayer is 37 years old.

Sayer has served approximately two years of her sentence. Her projected release date is October 11, 2023. She is currently incarcerated at FCI Waseca, which has 0 inmates and 2 staff with confirmed active COVID-19 infections. https://www.bop.gov/coronavirus/ (last accessed May 26, 2021).

## DISCUSSION

### A. Motion for Compassionate Release

Sayer seeks compassionate release under 18 U.S.C. 3582(c)(1)(A). To grant compassionate release, a district court must, as a threshold matter, determine

whether a defendant has exhausted his or her administrative remedies. *Id.* If the exhaustion requirement is met, the court must consider the 18 U.S.C. § 3553(a) factors. *Id.* Then the Court may grant compassionate release only if the defendant shows that "extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021). The defendant bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *See United States v. Greenhut*, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

Sayer does not allege that she submitted a request to the Warden for compassionate release. The requirement that an inmate petition the Warden for compassionate release is mandatory. Under the statute, an inmate may only self-petition for compassionate release 30 days after the Warden has received the petition. Because the Warden has not received a petition for compassionate release from Sayer, Sayer has not exhausted her administrative remedies.

Even if Sayer had exhausted her administrative remedies the Court would still deny her motion. The § 3553(a) factors do not warrant a reduction of Sayer's sentence. Sayer has served less than half her sentence and has an extensive criminal history.

Sayer has not demonstrated extraordinary and compelling reasons

warranting release. She has some alleged health issues related to seizures, but there is no indication that Sayer has never been hospitalized for her alleged ailment. While it is admirable that she wishes to seek treatment for drug abuse, this does not warrant release. Sayer has a significant criminal history, and her sentence was the shortest sentence permitted by the mandatory sentencing scheme created by congress for her offense. Further, other inmates' use of drugs in prison does not create extraordinary and compelling reasons for release.

## B. Motion for Appointment of Counsel

Sayer also seeks appointment of counsel to apply for compassionate release. There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005).

From Sayer's letters, Dkt. 35-37, it is evident that she is articulate and competent. Further, she has enough understanding of compassionate release to explain the factors that may warrant release and she appended exhibits regarding the COVID-19 pandemic in prisons to help further her argument. The court sees no special circumstances warranting appointment of counsel and will deny Sayer's

motion.

Because there is no limit on the number of 18 U.S.C. 3553 (a) motions Ms. Sayer may file, she is advised that a change in circumstances may support a renewed motion in the future. If Sayer decides to file a future pro se motion for compassionate release, she should make clear how the 18 U.S.C. § 3553(a) factors support her motion and explain what new extraordinary and compelling reasons warrant her release at that time. She should also include copies of any records or documents that support her motion as she did in her current motion.

## C. Request for Credit for Time Served

Within her motion, Ms. Sayer includes this sentence: "I would also like to request at this time credit from the time of arraignment January 8, 2019 to sentencing July 8, 2019." *See Letter received Mar. 17, 2021,* Dkt. 36, at 2.

This Court recommended that Ms. Sayer be credited "with all time served in federal custody . . . ." *Judgment,* Dkt. 30, at 2. But this Court does not have authority to compute the credit at sentencing. *See United States v. Wilson*, 112 S. Ct. 1351, 1354 (1992) (holding that 18 U.S.C. § 3585(b) does not authorize a district court to compute the credit at sentencing"); *accord United States v. Checchini*, 967 F.2d 348, 350 (9th Cir. 1992) (sentencing court lacked jurisdiction to grant defendant the requested credit). "Rather, the Attorney General, through the Bureau of Prisons, is charged in the first instance with determining the amount of

the defendant's credit for time served." *United States v. Demers*, 992 F.2d 1220

(9th Cir. 1993). Thus, a defendant must "exhaust his administrative remedies

before he can petition for judicial review of the Attorney General's denial (if any)

of credit for time served." *Checchini*, 967 F.2d at 350. Sayer does not allege that

she has exhausted his administrative remedies.

Further, this Court does not have jurisdiction to consider her request. Where

a prisoner argues she is entitled to credit against her sentence for time spent in

custody prior to sentencing, she is challenging the execution of her sentence rather

than the sentence itself. *U.S. v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). In

such circumstances, the prisoner must petition for a writ of habeas corpus under 28

U.S.C. § 2241. *Id*. The Supreme Court has held that a writ under § 2241 must issue

from the court with jurisdiction over the prisoner's custodian. *Braden v. 30th

Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973); *see also Brown

v. United States*, 610 F.2d 672, 677 (9th Cir. 1980).

Sayer is incarcerated at FCI Waseca in Minnesota. Thus, To proceed on a

petition under 28 U.S.C. § 2241, she must exhaust her administrative remedies

with the Bureau of Prisons. If she is not satisfied with the Bureau of Prison's

response, she must file a § 2241 petition in the U.S. District Court for the District

of Minnesota.

**ORDER**

**IT IS ORDERED** that:

1. Defendant's Motion for Sentence Reduction Under 18 U.S.C.

   §3582(c)(1)(A) (Compassionate Release) (Dkt. 36) is **DENIED**.

2. Defendants' request for credit for time served is **DISMISSED.**

3. Defendant's Motions for Appointment of Counsel (Dkts. 35, 37) are

   **DENIED**.

DATED: May 29, 2021

B. Lynn Winmill
U.S. District Court Judge